## No. 14,020.

### TIMPTE ET AL. *v.* KAYSER ET AL.
(69 P. [2d] 254)

Decided June 1, 1937.

Mr. CLARENCE EYNON, for plaintiffs in error.

Mr. Charles Rosenbaum, Mr. V. G. Garnett, for defendants in error.

*En Banc.*

Mr. Justice Bouck delivered the opinion of the court.

The defendants, plaintiffs in error here, claimed a mechanic's lien for work done on the motor truck of the plaintiffs, now defendants in error. The latter tendered in full settlement the sum of $619.81, which was refused by the defendants. The plaintiffs thereupon brought the present action to replevy the truck. It is contended by the defendants that the trial court disregarded the true nature of the action and erroneously permitted the jury to enlarge its proper functions by bringing in a verdict as follows:

"We, the jury, find the issues herein joined as follows: We find that the plaintiffs, at the time of the commencement of this action, were and now are the owners of the said truck mentioned and described in the complaint, and we also find that the value of the said truck, at the time of the commencement of this action, was and now is in the sum of three thousand five hundred dollars ($3500.00). We also find that the plaintiffs, at the time of the commencement of this action, were and now are indebted to the defendants in the sum of eight hundred seven dollars and eighteen cents ($807.18) for services, including all work, labor, materials and extras done, performed and furnished by the defendants at the instance and request of the plaintiffs, in building a cab on the said truck, and in making repairs and additions on the said truck, and including sales taxes and Federal taxes, and that the defendants, at the time of the commencement of this action, were and now are entitled to a lien upon the said truck in and for the said sum."

The argument is advanced that in such an action as this the jury has power to determine not the amount of the

lien, but only whether the amount tendered by the plaintiffs was or was not insufficient to satisfy the lien, the jury then awarding possession to, or withholding it from, the lien claimant accordingly. Be that as it may in other instances, the parties here entered into an express stipulation which undertook to vary, at least to some extent, the regular code procedure. In view of the different interpretations placed upon the stipulation by the parties themselves, it becomes necessary to determine the meaning and scope of the instrument in the light of the particular facts and circumstances of the case at bar. The stipulation, as quoted in the abstract of the record, is as follows:

"It is hereby stipulated and agreed by and between the above named plaintiffs, and the above named defendants, through their respective attorneys, as follows:

"1. That plaintiffs shall forthwith deposit with the clerk of this court, in addition to the sum of Six Hundred Nineteen Dollars and Eighty-one Cents ($619.81) heretofore deposited, the further additional sum of Seven Hundred Eighty Dollars and Nineteen Cents ($780.19); and that said total of Fourteen Hundred Dollars ($1400.00) so deposited with the clerk is being deposited in lieu of the Garnett-Coleman Truck, appurtenances and accessories, described in the writ and affidavit of replevin now on file herein, and against which said truck and equipment aforesaid, said defendants claim a lien in the sum of Eleven Hundred Thirty-eight Dollars and Sixteen Cents ($1138.16), and for all costs incurred in enforcing such lien. That said deposit shall be held by the clerk as security and indemnification to the defendants that in the event herein that a final judgment shall be rendered herein finding that said defendants are, and were, justified in claiming said lien in the sum of $1138.16, including all costs incurred in enforcing such lien, and for a return of the property involved in this action, or the value thereof, in case a return cannot be had, and damages for the taking and withholding of the same; then, upon the rendition of such a final

judgment, said defendants shall be under no obligation of any kind whatsoever to accept the return of said property aforesaid, nor take any action whatsoever to foreclose their lien on said property; but, that the said clerk of the court aforesaid shall, forthwith, thereafter, pay to the said defendants so much of said deposit as may be necessary to pay in full said defendants' lien, including all costs incurred in enforcing such lien, and any damages, interest and costs otherwise awarded said defendants by said judgment. If any balance thereafter remains, it shall be returned by the clerk unto the plaintiffs; and if said amount so deposited is not sufficient to pay said items aforesaid in full, then said defendants may have execution therefor as in such cases made and provided.

"2.  (Releases plaintiffs' replevin bond.)

"3.  (Releases defendants' redelivery bond.)

"4.  That any and all liability of either of the parties in this action to the other shall not be affected by this stipulation for anything other than is herein set forth in this stipulation."

It is obvious that by the above stipulation the parties intended to simplify the technical procedure prescribed for replevin actions, or, as the code has it, actions to recover possession of personal property. Thus the replevin and redelivery bonds, or undertakings, respectively given in a sum double the value of the truck replevied were canceled and there was substituted a money deposit by the plaintiffs in a sum sufficient to satisfy a judgment for the maximum claim of the lien claimant together with the probable costs and expenses. Clear provision was made for applying the deposit to payment of such a judgment and for the return of any unused balance to the plaintiffs. The controversy arises because of the position taken by the lien claimant, namely, that the deposit is not to be used for the purpose of paying out of it the lesser sum fixed by the jury herein as the correct amount of the lien, that is, a little over $300 less than the amount claimed by the defendants.

It will be observed that if the argument of the defendants be sound there is a serious lack in the stipulation from their own standpoint, for no provision is made in it for continuing the impounding of the deposit. The plaintiffs, on the other hand, contend that the intention of the parties was to make the deposit respond for whatever amount the jury should find to be due to the defendants. The plaintiffs' interpretation appeals to us as the more reasonable one. This being our conclusion, we find no error in the form of verdict used. It is difficult to conceive of a more practical or effective disposition of the case than that represented by the money verdict, and by the judgment sustaining it and directing first the payment to the defendants of the amount of the lien as so fixed, together with the costs, and then the payment to the plaintiffs of the unexpended portion of the deposit. It is manifest that to adopt the interpretation of the defendants would be to leave them without any security whatever for their original lien.

The stipulation, as we read it in connection with the remainder of the record, conferred full authority upon the district court to do what it did; its jurisdiction over subject matter and person was ample; and the judgment must be affirmed, as must the incidental order of the trial court that the deposit be distributed accordingly.

We have not overlooked or ignored the other contentions put forth in favor of a reversal. They are without merit.

Judgment affirmed.